# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5684 | **DATE** | 6/28/2004 |
| **CASE TITLE** | WHITEHEAD vs. GATEWAY CHEVROLET, OLDSMOBILE, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Christopher V. Langone's objections to the magistrate judge's report and recommendation [54-1] are overruled. The court adopts the report and recommendation regarding sanctions pursuant to Rule 37(b) [53-1]. An award of $15,202.00 in sanctions is imposed against Christopher V. Langone. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 29 2004 date docketed | 59 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 6/28/2004 | |
| ✓ | Copy to Magistrate Judge Keys. | U.S. DISTRICT COURT CLERK  2004 JUN 29 AM 10:56 | date mailed notice  PW | |
| | CB | courtroom deputy's initials | Date/time received in Central Clerk's Office  mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



JUN 2 9 2004

| | |
|---|---|
| ANGELIA M. WHITEHEAD, ) | |
| ) | |
| Plaintiff, ) | No. 03 C 5684 |
| ) | |
| v. ) | Suzanne B. Conlon, Judge |
| ) | |
| GATEWAY CHEVROLET, OLDSMOBILE, ) | |
| et al., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Angelia M. Whitehead sued Gateway Chevrolet, Oldsmobile, Inc. and three individual defendants in connection with her purchase of a 1996 Mercury Mystique. Whitehead alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and common law fraud. Thereafter, Whitehead's amended complaint was dismissed and her attorney – Christopher V. Langone – was sanctioned pursuant to Fed. R. Civ. P. 37(b). *Whitehead v. Gateway Chevrolet, et al.*, No. 03 C 5684, 2004 WL 316413 (N.D. Ill. Feb. 2, 2004). The court referred the matter to a magistrate judge for a report and recommendation on the appropriate sanctions to be imposed on Langone. Langone has filed purported objections to the magistrate judge's report and recommendation that defendants be awarded $15,202.

## BACKGROUND

The following background information is taken from relevant court orders, the parties' briefs, and this court's decision in *Whitehead*, 2004 WL 316413 at *1, 3-5. Whitehead's RICO claim alleged that Gateway committed numerous acts of mail fraud, wire fraud, financial institution fraud

1

59

and title forgery, victimizing her and other consumers. Whitehead's allegations were based on confidential information obtained by Langone from Gateway as plaintiff's counsel in *Isaiah Beene v. Gateway Chevrolet, Oldsmobile, Inc.*, Case No. 02 C 830 (hereinafter, "*Beene* litigation"). This information was subject to an agreed protective order entered by Judge Bucklo, which Langone signed, in the *Beene* litigation. Def. Mot. to Strike, Dismiss and Sanctions, Ex. A. The protective order applied solely to 57 of Gateway's customer files, *i.e.*, so-called deal jackets (hereinafter, "*Beene* protective order"). *Id.* Langone admittedly violated the *Beene* protective order by using Gateway's confidential documents outside the *Beene* litigation. Accordingly, this court struck all portions of Whitehead's amended complaint referring to information subject to the *Beene* protective order, pursuant Fed. R. Civ. P. 12(f). Because the amended complaint failed to state a RICO claim in the absence of the stricken allegations, defendants' motion to dismiss pursuant to Rule 12(b)(6) was also granted. This court sanctioned Langone pursuant to Rule 37(b) for his flagrant violation of the *Beene* protective order, and referred "[t]he issue of appropriate sanctions pursuant to Rule 37(b) for violation of the Beene protective order . . . to the assigned magistrate judge for a report and recommendation." *Whitehead*, 2004 WL 316413 at * 5, 10.

Final judgment was entered for defendants on January 30, 2004. Twenty-eight days later, Whitehead filed a notice of appeal. Docket No. 41, 2/27/04. Meanwhile, the magistrate judge ordered defendants to file their brief regarding appropriate sanctions, including "itemization of fees charged to clients for drafting, filing and pursuing defendants' motion to strike and dismiss plaintiff's first amended complaint, and for sanctions." Keys Minute Order, 2/12/04, Docket No. 39. Thereafter, defendants filed their brief. After two extensions of time, Langone filed his response. Langone challenged the magistrate judge's understanding of the scope of the referral

order. Opp. Sanctions at 1.[1] To do so, Langone seized upon the phrase "defendants' *request* for sanctions pursuant to Rule 37(b)" in this court's referral order to argue that this court intended the magistrate to determine whether "Rule 37(b) sanctions can be . . . imposed for violating a confidentiality order" in light of Langone's citation to an Eleventh Circuit case in footnote 6 of his original memorandum in opposition to the motion to dismiss and for sanctions. *Id.* In any event, Langone did not wait for a decision. Instead, just six days later, he filed with this court a motion for clarification of the scope of the referral order. This court denied the motion. Minute Order, 4/13/04, Docket No. 48. Thereafter, the magistrate judge also rejected Langone's argument, explaining that "Langone's efforts are in vain. That ship has already sailed." Keys Minute Order, 5/6/04, Docket No. 53. The magistrate judge confined his recommendations to an award of attorneys' fees in the amount of $15,202.00. Langone's objections do not challenge the amount of monetary sanctions recommended by the magistrate judge. Obj. at 1 ("Langone does not believe he can object in good faith to the manner in which the fees were calculated"). Instead, he once again challenges the propriety of any sanctions; his present "objections" are virtually identical to his original response brief to the magistrate judge as to sanctions. *Compare* Langone Resp. Sanctions, at 2-13 *with* Langone Obj. at 2-12.

---

[1] Specifically, Langone argued "[i]n court on March 31, 2003, the [magistrate judge] suggested that the scope of this referral was simply to assess Defendants' legal expenses, reasoning that sanctions have already been imposed by Judge Conlon. This is not counsel's understanding." *Id.*

## DISCUSSION

### I. LEGAL STANDARD

Preliminarily, Langone fails to specify the procedural basis for his present motion. Although characterized as objections to the magistrate judge's report and recommendation, Langone admittedly "does not believe he can object in good faith to the manner in which the fees were calculated." Obj. at 1. Because the magistrate judge confined his recommendation to the amount of attorneys' fees and costs properly awarded, Langone's motion is not an objection to a magistrate's report and recommendation. *Cf. Rajaratnam v. Moyer*, 47 F.3d 922, 925, n. 8 (7th Cir. 1995) (*de novo* review does not require a new hearing, but simply means the court must give "fresh consideration to those issues to which specific objections have been made"); *Oliveros v. Pyle-National, Inc.*, No. 90 C 6745, 1992 WL 177044 (N.D. Ill. July 16, 1992) (objections to magistrate judge's report and recommendation must be specific to proposed findings and recommendations).

Langone's purported objections are in reality a motion to reconsider and vacate this court's order of January 30, 2004 insofar as sanctions against him are concerned. Once again, Langone insists uncertainty remains about the scope of this court's referral order and seeks clarification as to whether "the Magistrate had authority to determine whether sanctions were appropriate." Obj. at 2. In doing so, Langone requests the court to recommit the issue of the propriety of Rule 37(b) sanctions for violation of a Rule 26(c) protective order to the magistrate judge. Contrary to Langone's insistence, this court unambiguously referred only the issue of *appropriate sanctions* to the magistrate judge, not whether sanctions were warranted under Rule 37(b). See *Whitehead*, 2004 WL 316413 at * 5, 10.

4

Defendants' motion to dismiss explicitly requested sanctions and the sanctions issue was fully briefed by the parties before this court concluded sanctions should be imposed. In briefing the sanctions motion, Langone admitted violating the *Beene* protective order entered by Judge Bucklo. He attempted to justify his misconduct on two bases. He argued that a purported agreement with Gateway's counsel allowed him to use Gateway's confidential information. Pl's Resp. Mot. Strike, Dismiss and Sanctions at 1-3. He also argued that the *Beene* protective order unreasonably protected non-confidential information. *Id.* at 9, 12. Both excuses were rejected, and this court determined Rule 37(b) sanctions appropriate. See *Whitehead*, 2004 WL 316413 at * 4-5. The purported agreement between Langone and Gateway's counsel was not only contradicted by Gateway's counsel, but irrelevant under the unambiguous *Beene* protective order. *Id.* at *4. Moreover, irrespective of its validity, Langone was required to comply with the *Beene* protective order until and unless Judge Bucklo modified the protective order. *Id.* at * 5.

Langone alternatively requests this court to reconsider its sanction of his outright violation of the *Beene* protective order pursuant to Rule 37(b). This court construes Langone's motion as a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b) because it was served more than ten days after entry of judgment. Relief under Rule 60(b) is an extraordinary remedy that is granted only in exceptional circumstances. *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995). A motion for reconsideration brought under Rule 60(b) is not at the disposal of parties who want to "rehash" old arguments. *Arenson v. Whitehall Convalescent and Nursing Home, Inc.*, 161 F.R.D. 355, 357 (N.D. Ill. 1995) (*citing In re Oil Spill by Amoco Cadiz*, 794 F.Supp. 261, 267 (N.D. Ill. 1992)). Relief from this court's sanctions order may be granted if Langone demonstrates "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Alternatively, reconsideration

is appropriate for "any reason justifying relief from the operation of the judgment," where there is a substantial danger that the underlying judgment was unjust. *Id. See also Zakutansky v. Bionetics Corp.*, No. 92 C 2002, 1992 WL 390898, at *1 (N.D. Ill. 1992) (motions for reconsideration rarely appropriate: where the court patently misunderstood party, rendered decision outside presented adversarial issues, or learned of a controlling legal or factual change after decision).

One procedural wrinkle remains. In February 2004, Langone timely filed a notice of appeal. Jurisdiction, therefore, is problematic. *See Brown v. U.S.*, 976 F.2d 1104, 1110-11 (7th Cir. 1992). Motions to reconsider filed during the pendency of appeal are to be reviewed promptly, and either denied or, if the court is inclined to grant relief, to so indicate to effectuate a speedy remand. *Id. See also Textile Banking Co., Inc. v. Rentschler*, 657 F.2d 844, 850, n. 2 (7th Cir. 1981).

## II. Propriety of Rule 37(b) Sanctions

Preliminarily, the court notes Langone's repeated misrepresentations regarding the brief he filed in opposition to defendants' motion to strike and dismiss and for sanctions. Contrary to his current position, Langone's brief only argued the propriety of dismissing Whitehead's amended complaint as a sanction under Rule 37(b). As explained, the amended complaint was not dismissed as a Rule 37(b) sanction, but because it failed to state a RICO claim in the absence of the allegations stricken under Rule 12(f). However, Rule 37(b) was the basis of the sanctions award against Langone. See *Whitehead*, 2004 WL 316413 at * 5, 10. Langone's reiterated argument that violations of Rule 26(c) protective orders cannot be sanctioned pursuant to Rule 37(b) remains unpersuasive. He once again relies on *Lipscher, et al. v. LRP Publications, Inc.*, 266 F.3d 1305 (11th Cir. 2001). As Langone previously conceded, there is authority to the contrary. *Compare Lipsher*, 266 F.3d at 1323 (Rule 37(b) sanctions may not be awarded for violations of Rule 26(c) protective

orders) *with Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983) (Rule 37(b) sanctions may be awarded for violations of the terms of a protective discovery order). *See also* Pl's Opp. Mot. Strike, Dismiss and Sanctions at 6 (discussing circuit split). The Seventh Circuit has not considered this issue. Absent controlling authority, this court followed its prior decisions. *American Nat'l Bank and Trust Co. of Chicago v. AXA Client Solutions, LLC*, Case No. 00 C 6786, 2002 WL 1067696 (N.D. Ill. 2002) (Rule 37(b) sanctions of attorney's fees and expenses awarded based on violation of agreed protective order). Other decisions support this court's ruling. *See, e.g., Blum v. Schlegel*, Case No. 91 CV 633S, 1996 WL 925921, at * 5 (W.D.N.Y. May 9, 1996); *Poliquin v. Garden Way, Inc.*, 154 F.R.D. 29, 31 (D. Me. April 7, 1994). This issue has received ample attention, and will not be revisited.

Langone advances four new arguments as to the purported injustice of the award of Rule 37(b) sanctions against him: (1) his conduct was justified because the *Beene* protective order was invalid; (2) his conduct was protected by the First Amendment; (3) he was not afforded due process; and (4) his conduct was not inherently egregious. Langone misses the mark. First, his argument that the *Beene* protective order is invalid has no basis in fact or law. No support for the invalidity of the *Beene* protective order exists in the record. Langone never argued – and does not argue now – that Judge Bucklo entered the *Beene* protective order without examination. The restrictive coverage of the *Beene* protective order, *i.e.*, its protection of only 57 deal jackets, supports an inference of validity. Langone was under no obligation to sign the *Beene* protective order; he chose not to challenge its propriety before Judge Bucklo. Moreover, even after agreeing to the order, Langone could have sought modification of the order to use Gateway's confidential information in Whitehead's amended complaint. Again, he chose not to exercise available legal remedies. Instead,

7

he unilaterally incorporated the information into Whitehead's amended complaint in flagrant violation of Judge Bucklo's order. *American Nat'l Bank and Trust Co. of Chicago*, 2002 WL 1067696 at *3 (parties must comply with the protective order's terms or subject themselves to possible sanctions); *DEV Industries, Inc. v. Rockwell Graphic Systems, Inc.*, No. 91 C 7197, 1992 WL 100908 at * 2 (N.D. Ill. 1992) (judge enforced a protective order issued by another judge of this court in strikingly similar circumstances). Invalidity is no excuse. *See Krynicki v. Lopacich*, 983 F.2d 74, 78 (7th Cir. 1992) ("litigants . . . [must] obey invalid [confidentiality] orders while they are outstanding"). Second, Langone's First Amendment rights have not been violated; Langone voluntarily restricted those rights by agreeing to the *Beene* protective order. *Jepson v. Makita*, 30 F.3d 854, 860-61 (7th Cir. 1994) (parties do not have a constitutionally protected right to disseminate information obtained in discovery subject to protective order).

Langone's final two arguments are equally frivolous. In briefing the motion to dismiss and for sanctions, Langone admitted he violated the terms of the *Beene* protective order. His primary justification for doing so – the purported course of dealing between the parties – was not only contradicted by the affidavit of Gateway's counsel, but irrelevant in light of the unambiguous terms of the *Beene* protective order prohibiting use of Gateway's confidential information. *American Nat'l Trust Co. of Chicago v. Kentucky Fried Chicken of Southern California, Inc.*, 308 Ill.App.3d 106, 119, 719 N.E.2d 201, 210 (Ill. App. Ct. 1999) (contractual terms must be accorded "their plain, ordinary, popular and natural meaning" and in the absence of an ambiguity, "the intention of the parties . . . must be ascertained by the language utilized in the contract itself, *not by the construction placed upon it by the parties*"). Langone's conduct was flagrant, and his repeated attempts to

8

circumvent this court's orders only serve to highlight his temerity. Accordingly, this court's award of sanctions pursuant to Rule 37(b) stands.

Langone's baseless assertion that due process was not accorded fails as a matter of law. *Kapco Manufacturing Co., Inc. v. C & O Enterprises, Inc.*, 886 F.2d 1485, 1495 (7th Cir. 1989). He cannot deny that he was given notice and an opportunity to respond to defendants' sanctions motion. Defendants specifically notified Langone that they were seeking sanctions against him. *See* Def. Mot. to Strike, Dismiss, and for Sanctions at * 2 ("Plaintiff's counsel should be sanctioned under Fed. R. Civ. P. 37 for his misconduct and ordered to pay defendants' costs and attorneys' fees in defending this action"). This court ordered Langone to respond. Minute Order, 12/16/03, Docket No. 25. Langone filed a 14-page response. *See* Pl's Opp. Mot. Strike, Dismiss and Sanctions. In the context of this record, Langone's motion for clarification was denied because it was clearly frivolous. Minute Order, 4/13/04, Docket No. 48. Until now, Langone never suggested the necessity of a hearing. Moreover, his proposed hearing is of no consequence. Alison Harrington's testimony about the parties' course of dealing is not relevant; the *Beene* protective order unambiguously prohibited Langone's use of Gateway's confidential information. This court has repeatedly considered Langone's arguments; no other process is due. *See Kapco Manufacturing Co., Inc.*, 886 F.2d at 1495.

Nor is this court required to rest solely on Rule 37(b) to sanction Langone for his misconduct. It is well-settled that a court has inherent authority to sanction for an attorney's bad faith conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991). Inherent authority is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* Sanctions such as shifting attorneys' fees may

be imposed under the court's inherent authority. *Id.* at 44-5. *See also U.S. for Use and Benefit of Treat Bros. Co. v. Fidelity and Deposit of Maryland*, 986 F.2d 1110, 1119 (7th Cir. 1993). In addition to Rule 37(b), Langone's flagrant violation of the *Beene* protective order without justification is sanctionable under this court's inherent authority.

## CONCLUSION

Langone's objections to the magistrate judge's report and recommendation, construed as a motion for reconsideration, is denied. The court adopts the magistrate judge's report and recommendation and imposes Rule 37(b) sanctions against Langone in the amount of $15,202.00.

June 28, 2004

ENTER:

*[signature]*

Suzanne B. Conlon
United States District Judge